UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. SANDOVAL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>LARRY SMALL, Warden,<br><br>　　　　　Respondent.<br>_____ | ) Case No. CV 09-3879 AHM(JC)<br>)<br>)<br>)<br>) ORDER ADOPTING FINDINGS,<br>) CONCLUSIONS, AND<br>) RECOMMENDATIONS OF<br>) UNITED STATES MAGISTRATE<br>) JUDGE<br>) |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections").  The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.  The Court concurs with and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.[1]

　　　Petitioner's Objections, construed liberally, assert that the use of petitioner's

---

[1] Since the issuance of the Report and Recommendation, the United States Supreme Court has denied the petition for certiorari filed in People v. Nguyen, 46 Cal. 4th 1007 (2009), cert. denied, 130 S. Ct. 2091 (2010) – a case referenced in the Report and Recommendation at page 7.

prior juvenile adjudications as strikes to enhance petitioner's sentence violated petitioner's federal constitutional rights because juvenile adjudications under California law "hardly afford the juvenile due process in the sense that hearings on petitions satisfy the reasonable doubt standard mandated by the Fourteenth Amendment." (Objections at 3). The standard of proof beyond a reasonable doubt applies to juvenile adjudications, as does the right to fair notice of charges. See In re Winship, 397 U.S. 358, 368 (1970); In re Eddie M., 31 Cal. 4th 480, 501 (2003). These rights have been recognized to exist in California juvenile proceedings since well before petitioner's two 1990 juvenile adjudications at issue. See, e.g., In re Scott K., 24 Cal. 3d 395, 401 n. 4 (juveniles are entitled to "a variety of rights of defendants in criminal proceedings, including the requirement of proof beyond a reasonable doubt, the prohibition against double jeopardy, the rights to notice, counsel, confrontation and cross-examination, and not to incriminate oneself, and the protection against coerced confessions") (internal citations omitted), cert. denied, 444 U.S. 973 (1979). Here, the record reflects that petitioner had notice of the juvenile charges against him and admitted them. (CT 113, 142-49). Aside from petitioner's challenge to the absence of a right to jury trial in juvenile adjudications, which was properly rejected in the Report and Recommendation, petitioner's general allegation that juvenile adjudications in California do not satisfy due process is not sufficiently specific to warrant habeas relief and in any event, is unsupported. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) ("It is well-settled that '[c]onclusory allegations' which are not supported by a statement of specific facts do not warrant habeas relief.").[2]

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

---

[2] Moreover, to the extent petitioner now attempts to challenge the use of his prior juvenile adjudications as strikes based on a deprivation of due process which is not rooted in the absence of a jury trial, such a challenge is unexhausted as it was not raised in the petition for review filed in the California Supreme Court. (Lodged Doc. 5).

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on petitioner and counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 21, 2011

_____
HONORABLE A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE